**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR382 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| ARKETA WILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 74). The government adopted the PSR. (Filing No. 71.) The Court has also reviewed the Defendant's motion for variance and supporting brief (Filing No. 72, 73.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

**OBJECTIONS**

*¶ 25 - Base Offense Level*

The Defendant objects to the base offense level 18 applied as the result of U.S.S.G. § 2E1.2(a)(2), arguing that no facts were found beyond a reasonable doubt or by admission that the currency that resulted in the charge in Count I of the Superseding Indictment was a result of drug activity. Therefore, Willis argues that her base offense level should be calculated pursuant to U.S.S.G. § 2E1.2(a)(1) at level 6.

The Court notes that the Superseding Indictment specifically refers to the possession with intent to distribute and the distribution of controlled substances in violation of 21 U.S.C. § 841. (Filing No. 27.) Moreover, the hearing on the motion to suppress

involved an extensive discussion of the drug dog that alerted to the currency. (Filing No. 45.) Nevertheless, the Defendant is entitled to have the government prove the upward adjustment to the base offense level pursuant to § 2E1.2(a)(2). However, the Court may determine the facts at issue and the corresponding base offense level at sentencing y a preponderance of the evidence. *United States v. Holthaus,* 486 F.3d 451 (8th Cir. 2007).

Therefore, the objection will be heard at sentencing. The burden is on the government, and the standard is preponderance of the evidence.

*Paragraph 50*

The Court understands that objection is to the timing of the Defendant's receipt of the personal history form. The objection is denied, as it does not affect the guideline calculation.

IT IS ORDERED:

1. The Defendant's objection to ¶ 50 of the Presentence Investigation Report (Filing No. 74) is denied;

2. The Defendant's objections to ¶ 25 will be heard at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

     5.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

     6.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 17th day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge